UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TODD D. LAMB,<br>          Plaintiff<br><br>          v.<br><br>SHERIFF ROBERT GARVEY,<br>          Defendant | )<br>)<br>)<br>)<br>)   Civil Action No. 10-30117-MAP<br>)<br>)<br>)<br>) |

REPORT AND RECOMMENDATION FOR SUMMARY
DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)
June 23, 2010

NEIMAN, M.J.

Todd Lamb ("Plaintiff"), a *pro se* prisoner formerly housed at the Hampshire County Jail and House of Correction (hereinafter the "Hampshire County Jail"), has submitted for filing a complaint against Sheriff Robert Garvey ("Defendant"). Together with his complaint, Plaintiff has filed an application for leave to proceed *in forma pauperis* which has been referred to this court for preliminary screening. *See* 28 U.S.C. §§ 636(b)(1), 1915, 1915A.

The court has determined that Plaintiff is unable to pay the costs of commencing the action. Accordingly, leave to proceed *in forma pauperis* has been granted pursuant to subsection (a) of the federal *in forma pauperis* statute, 28 U.S.C. § 1915. However, a summons has not issued in order to allow the court to review Plaintiff's complaint to determine whether it satisfies the requirements of subsection (e)(2) of that statute. *See also* 28 U.S.C. § 1915A (requiring preliminary screening of all civil actions filed by

prisoners). For the reasons stated below, the court concludes that it does not. Accordingly, the court will recommend that case be summarily dismissed.

The *in forma pauperis* statute requires the court to dismiss an action brought thereunder if the court determines that the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *Accord* 28 U.S.C. § 1915A(b)(1) (same standards for prisoner petitions). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that a claim "is frivolous where it lacks an arguable basis either in law or in fact"). This is just such a case.

Plaintiff's handwritten complaint, consisting of only a few rambling sentences, appears to describe certain unsavory conditions at the Hampshire County Jail where he used to be housed. For example, Plaintiff claims as follows: "the tem[p]erature of the rooms would drop to below freezing, and rise to the point it was hard to breathe"; "showers 80% of the time were ice cold"; "there is [sic] black small worms coming out of the sinks"; and "the community showers and bathrooms are completely disgusting, dirty, and full of viruses which make us sick." (Compl. at 2.) No specific causes of action are alleged. However, on the very first page of his complaint, Plaintiff alleges that he is currently "a resident of Ludlow, Massachusetts" (apparently at the *Hampden* County Jail and House of Correction), that Defendant "is a resident of Northampton, Massachusetts" (where the Hampshire County Jail is located), and that this court has jurisdiction pursuant to "28 U.S.C. § 1332" (the diversity jurisdiction statute). (*Id.* at 1.) At the end of his complaint, Plaintiff asks for an injunction -- specifically, "demolition or repair . . . of the modular buildings next to the main jail" -- as well as $1 million in

damages.  (*Id.* at 3.)

The court is confident that Plaintiff's complaint is patently frivolous and fails to state a claim upon which relief may be granted.  For one thing, diversity jurisdiction does not lie (since both parties are from Massachusetts) and it is well-established that "[w]here the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)."  *Mobley v. Ryan*, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000) (citing *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir. 1985)).  *See Maldonado v. Maldonado*, 1997 WL 786585 (E.D. Pa. Dec. 11, 1997) (similar).  *See also Bolden v. Mixa*, 2001 WL 1356133, at *1 (N.D. Ill. Oct. 31, 2001) (holding that where there is "no subject matter jurisdiction" *in forma pauperis* actions "must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)").  The Supreme Court has also held that courts may dismiss *in forma pauperis* complaints *sua sponte* without notice if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991) (quoting *Neitzke,* 490 U.S. at 327).  *See also Street v. Fair*, 918 F.2d 269, 272 (1st Cir. 1990).

Moreover, Plaintiff's assertions completely flaunt the pleading rules.  *See*, *e.g.*, Fed. R. Civ. P. 8 and 10.  Also, as indicated, there are no precise causes of action alleged, another fatal flaw.  *See generally Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  And finally, since Plaintiff is no longer in custody of the Hampshire County Jail, his request for injunctive relief, even if otherwise appropriate, is unavailable.  *See*

*Purvis v. Ponte*, 929 F.2d 822, 825 (1st Cir. 1991) (holding that former inmate's action against prison officials was moot because he no longer resided at the prison).

Of course, since Plaintiff is a *pro se* litigant, his pleadings must be construed liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto De Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000). However, even under a generous reading, the instant action, in this court's opinion, is patently frivolous and fails to state a claim upon which relief may be granted. Therefore, the court recommends that the complaint be DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).[1]

DATED: June 23, 2010

                                              /s/ Kenneth P. Neiman
                                              KENNETH P. NEIMAN
                                              U.S. Magistrate Judge

---

[1] Plaintiff is advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of her receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).