UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TODD T. LAMB,                          )
    Plaintiff                          )
                                       )
            v.                         )   C.A. NO. 10-cv-30117-MAP
                                       )
SHERIFF ROBERT GARVEY,                 )
    Defendants                         )


MEMORANDUM AND ORDER RE:
REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL
PURSUANT TO 28 U.S.C. § 1915(e)(2)
(Dkt. No. 5)

July 13, 2010

PONSOR, D.J.

    Plaintiff, a prisoner proceeding pro se, has brought this action seeking damages for injuries suffered by him while an inmate at the Hampshire County Jail and House of Corrections.  In his bare bones, hand-written complaint Plaintiff alleges that he suffered injury as a result of substandard conditions at the Jail.  As part of his initial submissions, Plaintiff filed an application for leave to proceed in forma pauperis.

    This matter was referred to Magistrate Judge Kenneth P. Neiman for review of Plaintiff's application to proceed in forma pauperis and for preliminary screening pursuant to 28 U.S.C. §§ 636(b)(1), § 1915, and § 1915A.

    Judge Neiman approved the application to proceed in forma pauperis, but following preliminary screening, on June

23, 2010 issued his Report and Recommendation, to the effect that the complaint should be dismissed based upon frivolousness and failure to state a claim upon which relief might be granted. The conclusion of the Report and Recommendation admonished at n.1 that objections to the Report and Recommendation were to be filed within fourteen days, which Plaintiff did on June 28, 2010.

For the reasons set forth below, this is one of the exceedingly rare instances where, based on subsequent submissions contained in the objection filed by Plaintiff, the court will decline to adopt the Recommendation.

The Report and Recommendation correctly points out that Defendant's citation of the jurisdictional statute, 28 U.S.C. § 1332, which asserts diversity jurisdiction, is clearly inapplicable. Both Plaintiff and Defendant are residents of Massachusetts. However, in Plaintiff's objection, he indicates that the essence of his complaint is that he was "forced to suffer cruel and unusual punishment in the Hampshire County House of Corrections." This allegation suggests that Plaintiff is invoking the court's federal question jurisdiction, at 28 U.S.C. § 1331, and asserting a claim pursuant to 42 U.S.C. § 1983.

It may very well be that this complaint will be subject to dismissal upon a motion filed by Defendant. However, in

light of the language contained in Plaintiff's objection, and the generosity normally afford a pro se litigant, the court cannot say to a certainty at this point that the litigation cannot proceed to the next step.

For the foregoing reasons, the court hereby DECLINES TO ADOPT Judge Neiman's Report and Recommendation for Summary Dismissal (Dkt. No. 5). The clerk will issue appropriate paperwork to permit the marshals to make service of process, and the court will await a responsive pleading before taking further action.[1]

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge

---

[1] In Plaintiff's Objection, he refers to the "American Civil Liberties Union" which will "help me take this on as a class action. . . ." Dkt. No. 6 at 1. Whether or not the ACLU is interested in the complaint, Plaintiff would be well advised either to retain his own counsel or move for appointment of counsel, if one can be found to take his case voluntarily.